TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Henry Najera,*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Najera, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

NOW COMES THE PLAINTIFF, HENRY NAJERA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Phoenix, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

2

## **GENERAL ALLEGATIONS**

6.  On or about March 25, 2015, Plaintiff obtained his Experian credit file and noticed errors on the following trade lines ("Errant Trade Lines"):

    a.  Med1 02 Empower Emergency Physicians, Account Number: 37575XXXX;

    b.  T-Mobile, Account Number:10973XXXX; and

    c.  Enhanced Recovery Co., Account Number 9183XXXX.

7.  On or about April 14, 2015, Mr. Najera submitted a letter to Experian, disputing the Errant Trade Lines.

8.  On or about April 30, 2015, Mr. Najera received a letter from Experian, stating that it received a suspicious request and that it would not be initiating any disputes based on the suspicious correspondence.

9.  On or about May 14 2015, Mr. Najera submitted another letter to Experian, disputing more trade lines.

10. To date, Mr. Najera has not received any response from Experian regarding his dispute letters.

11. Experian refused to investigate Mr. Najera's disputes, in violation of the Fair Credit Reporting Act.

3

**COUNT I**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

12. Plaintiff realleges the above paragraphs as if recited verbatim.

13. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Najera as that term is defined in 15 USC 1681a.

14. Such reports contained information about Mr. Najera that was false, misleading, and inaccurate.

15. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Najera, in violation of 15 USC 1681e(b).

16. After receiving Mr. Najera's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

17. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Najera has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

4

18. Experian is liable to Mr. Najera by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Najera as that term is defined in 15 USC 1681a.

21. Such reports contained information about Mr. Najera that was false, misleading, and inaccurate.

22. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Najera, in violation of 15 USC 1681e(b).

23. After receiving Mr. Najera's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

24. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Najera has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

25. Experian is liable to Mr. Najera by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 6, 2015                         KENT LAW OFFICES

By: ___/s/  Trinette G. Kent_____
Trinette G. Kent
Attorneys for Plaintiff,
Henry Najera